**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marvin D. MILLER, Defendant–Appellant.**

No. 03–2444.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided March 25, 2004.

John A. Nolet, Department of Justice, Tax Division, Appellate Section, Washington, DC, for Plaintiff–Appellee.

Marvin D. Miller, Knox, IN, pro se.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Marvin Miller persistently refuses to pay income taxes. He already has litigated several appeals in this court attempting to thwart the government's investigation of his tax liability from the early 1990s. This case involves Miller's failure to pay income taxes for the years 1982 through 1989. In November 1992 the Tax Court found deficiencies in Miller's income tax payments for the years 1986 through 1989, and then in June 1993 it found deficiencies for the years 1982 through 1986. In November 2002 the government commenced this action to collect the unpaid taxes, *see* 26 U.S.C. §§ 7401–03. To prove its entitlement to payment, the government offered the two decisions of the Tax Court as well as a declaration from IRS technical advisor Louie Leach, who asserted that the IRS had made assessments against Miller for income tax, penalties, and interest for the years 1982 through 1989. Leach further asserted that notice had been sent to Miller, who still owed "$302,019.94 plus interest and other statutory additions accruing from and after October 10, 2002." The government then moved for summary judgment.

Miller responded by arguing, among other things, that the government had failed to produce competent evidence that the assessments had been made or that notice and a demand for payment had been sent to him. He contended that Leach's declaration was inadequate proof because it was not based on personal knowledge as required by Federal Rule of Civil Procedure 56(e).

The district court held Leach's declaration to be sufficient proof of the assessments and granted summary judgment to the government. We must agree. The judgments of the Tax Court, coupled with the affidavit from Leach asserting that the IRS made assessments consistent with the judgments, all constitute sufficient proof of Miller's tax liability. The assessment itself is "more or less a bookkeeping procedure," *Moran v. United States*, 63 F.3d 663, 666 (7th Cir.1995), *overruled in part on other grounds by Malachinski v. CIR*, 268 F.3d 497 (7th Cir.2001); *see also* 26 U.S.C. § 6203; *Treas. Reg.* 301.6203–1, which the government ordinarily proves by submitting a Form 23 C Certificate of Assessments and Payments, *see, e.g., United States v. Davenport*, 106 F.3d 1333, 1336 n. 4 (7th Cir.1997). As the government argues, however, there are other acceptable forms of proof, and in this case Leach's affidavit sufficed.

Miller was therefore required to respond to the government's motion for summary judgment in order to reveal any disputes about material facts. He did not do so. The district court was correct to grant summary judgment for the government.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2).

The decision of the district court is AF-FIRMED.